1  Teresa H. Michaud, State Bar No. 296329
   Teresa.Michaud@bakermckenzie.com
2  Christina Wong, State Bar No. 288171
   Christina.Wong@bakermckenzie.com
3  **BAKER & MCKENZIE LLP**
   Two Embarcadero Center, 11th Floor
4  San Francisco, CA 94111-3802
   Telephone:  +1 415 576 3000
5  Facsimile:+1 415 576 3099

6  Timothy Gorry, State Bar No. 143797
   tgorry@tocounsel.com
7  **THEODORA ORINGHER PC**
   1840 Century Park East, Suite 500
8  Los Angeles, CA  90067-2120
   Telephone: +1 310 557 2009
9  Facsimile: +1 310 551 0283

10 Attorneys for Plaintiffs
11 Flip Flop Shops Franchise Company, LLC
   and FFS Holdings, LLC

12

13               UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15                      WESTERN DIVISION

16

17 FLIP FLOP SHOPS FRANCHISE       Case No. 2:16-CV-7259
   COMPANY, LLC and FFS HOLDINGS,
18 LLC                             **COMPLAINT FOR:**

19            Plaintiffs,          **(1) FEDERAL TRADEMARK
                                       INFRINGEMENT;**
20        v.                       **(2) FALSE DESIGNATION OF
                                       ORIGIN;**
21 AMY NEB; CHAD NEB; SWAGGER      **(3) FEDERAL UNFAIR
   LLC; KINGS X, LLC, and POLU LANI     COMPETITION;**
22 LLC,                           **(4) COMMON LAW
                                       TRADEMARK
23            Defendants.              INFRINGEMENT;**
                                   **(5) VIOLATION OF THE
24                                     DELAWARE DECEPTIVE
                                       TRADE PRACTICES ACT;**
25
                                   **(6) BREACH OF CONTRACT;**
26                                 **(7) BREACH OF NONCOMPETE
                                       COVENANT;**
27                                 **(8) REQUEST FOR INJUNCTIVE
28                                     RELIEF**

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

Plaintiffs Flip Flop Shops Franchise Company, LLC ("Flip Flop Shops") and FFS Holdings, LLC ("FFS Holdings") (collectively, "Plaintiffs"), by and through their attorneys, bring this civil action against Defendants Amy Neb, Chad Neb, Swagger LLC ("Swagger"), Kings X, LLC ("Kings X"), and Polu Lani LLC (Polu Lani) (collectively, "Defendants") and complain and allege as follows:

## INTRODUCTION

1.      Defendants, former franchisees of Flip Flop Shops, refuse to discontinue exploiting Plaintiffs' marks, brand, and system to their own financial benefit and Plaintiffs' detriment, notwithstanding Plaintiffs' termination of their rights to do so under the parties' franchise agreements.  After making multiple requests for Defendants to abide the agreements to no avail, Plaintiffs are left with no choice but to seek urgent relief from this Court to put an end to Defendants' unlawful actions.

2.      Plaintiff Flip Flop Shops is engaged in the business of, among other things, franchising retail stores that sell various brands of flip flops, casual footwear, and related accessories.  An example of a distinctive, branded Flip Flop Shops store is shown below.



3.      Plaintiffs bring this action against the Nebs and their three wholly owned entities, Swagger, Kings X, and Polu Lani for their material breaches of the franchise agreements that govern the relationships of the parties with respect to the Flip Flop

1

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

Shops stores, and for their subsequent continued use of Plaintiffs' proprietary system, marks, and brand without legal right or authorization.

4.      Defendants are infringing on Plaintiffs' proprietary system and trademarks and damaging Plaintiffs' reputation and brand.  In addition, consumers are being misled into believing they are purchasing products from authorized Flip Flop Shops.

5.      Plaintiffs seek emergency and permanent injunctive relief and damages for Defendants' breaches and continued willful misappropriation of and damage to Plaintiffs' registered trademarks, reputation, brand, and goodwill, among other things.

## JURISDICTION AND VENUE

6.      This Court has both federal question and diversity jurisdiction over the claims in this action.

7.      This Court has original jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has original jurisdiction over Plaintiffs' unfair competition claim pursuant to 28 U.S.C.  § 1338(b) as a claim joined with a substantial and related claim under the trademark laws.

9.      This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367(a).

10.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiffs are headquartered in this district, and because the parties contractually submitted to venue in this district.

12.     Defendants also submitted to personal jurisdiction in California pursuant to the Franchise Agreements.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

**PARTIES**

13.     Plaintiff Flip Flop Shops is a limited liability company formed under the laws of the state of Delaware, with its principal place of business in Sherman Oaks, California.   Flip Flop Shops is wholly owned by FFS Holdings, which is also headquartered in Sherman Oaks, California.   Flip Flop Shops is engaged in the business of, among other things, franchising retail stores that sell various brands of flip flops, casual footwear, and related accessories.

14.     Plaintiff FFS Holdings is a limited liability company formed under the laws of the state of Delaware, with its principal place of business in Sherman Oaks, California.  FFS Holdings is wholly owned by Cherokee Inc., a Delaware corporation headquartered in Sherman Oaks, California.

15.     Defendant Amy Neb is an individual residing in Longmont, Colorado.

16.     Defendant Chad Neb is an individual residing in Longmont, Colorado.

17.     Flip Flop Shops is informed and believes, and on such basis alleges that Defendant Swagger LLC is a limited liability company formed under the laws of Colorado.  Flip Flop Shops is informed and believes, and on such basis alleges, that Swagger's two sole members are Defendants Amy and Chad Neb, who are, as alleged above, each citizens and residents of Colorado.

18.     Flip Flop Shops is informed and believes, and on such basis alleges that Defendant Kings X, LLC is a limited liability company formed under the laws of Colorado.  Flip Flop Shops is informed and believes, and on such basis alleges, that Kings X's two sole members are Defendants Amy and Chad Neb, who are, as alleged above, each citizens and residents of Colorado.

19.     Flip Flop Shops is informed and believes, and on such basis alleges that Defendant Polu Lani LLC is a limited liability company formed under the laws of Colorado.  Flip Slop Shops is informed and believes, and on such basis alleges, that Polu Lani's two sole members are Defendants Amy and Chad Neb, who are, as alleged above, each citizens and residents of Colorado.

3

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

**CONDITIONS PRECEDENT**

20.     All conditions precedent have been performed or have occurred as required by the provisions of the franchise agreements at issue in this case.

**BACKGROUND ALLEGATIONS**

**<u>The Flip Flop Shops Marks</u>**

21.     Flip Flop Shops is a franchisor of retail stores that specializes in selling flip flops, a type of open-toed sandal typically worn as casual footwear, and other related footwear and accessories.

22.     Since 2008, Flip Flop Shops has received more than 40,000 franchise inquiries, generated nearly three million dollars in franchise fees, and currently has over 90 retail franchise shops in the United States, Canada, the Caribbean, the Middle East, and South Africa, and has approximately 90 additional retail shops in development worldwide.

23.     This growth and success is due, in part, to Flip Flop Shops' concerted efforts to grow its brand and its extensive maintenance and enforcement of trade names, service marks, trademarks, logos, emblems, and indicia of origin (collectively, the "Marks").

24.     Flip Flop Shops has the right to use and to license the Marks, which are owned by FFS Holdings.  A true and correct copy of the Intercompany License Agreement is attached hereto as **EXHIBIT 1**.  The Marks include, but are not limited to the following:

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

4

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

| Mark | U.S. Reg. No(s). and/or Ser. No(s). | Registration Date |
|---|---|---|
| FLIP FLOP SHOPS | Reg. No. 4,188,721 | 8/14/2012 |
|  | Reg. No. 3,540,298<br>Reg. No. 3,680,494<br>Ser. No. 86/642,333 | 12/2/2008<br>9/8/2009 |

25.    True and correct copies of the Certificates of Registration for the registered Marks are attached hereto as **EXHIBIT 2**.  A true and correct copy of the pending application for Ser. No. 86/642,333 is attached hereto as **EXHIBIT 3**.

26.    The FLIP FLOP SHOPS standard character mark and FLIP FLOP SHOPS logo registrations are active, valid, and in full force and effect.  Each registration is *prima facie* evidence of the validity of the registration, of FFS Holdings' ownership of the Marks, and of FFS Holdings' exclusive rights to use the Marks in commerce in connection with retail store and online retail store services, as provided in 15 U.S.C. § 1057(b) and  § 1115(a).  Furthermore, these registrations are constructive notice of FFS Holdings' claim of ownership of the Marks pursuant to 15 U.S.C. § 1072.

27.    Plaintiffs have continuously used the Marks in commerce in connection with retail store services for over a decade.  In fact, the FLIP FLOP SHOPS service mark was first used in commerce as early as June 1, 2004.  As a result of Plaintiffs' continuous use of the Marks in commerce, the registrations for FLIP FLOP SHOPS logo are incontestable.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000    6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

**The Franchise Agreements**

28.     Flip Flop Shops grants franchises to specific individuals and/or entities approved by Flip Flop Shops.  The franchise agreements and related documents govern the franchisee-franchisor relationship between Flip Flop Shops and its franchisees, which includes, but is not limited to, the conditional right to use the Flip Flop Shops System and Marks.  The System's distinguishing characteristics include, without limitation, distinctive exterior and interior design, décor, color scheme, furnishings, and uniform standards; specifications, policies and procedures for operations; quality and uniformity of the products and services offered; procedures for inventory, management, and financial control; training and assistance; and advertising and promotional programs (the "System").  The System also provides for use of the Marks by approved franchisees.

29.     Flip Flop Shops supervises and controls the franchisees' use of the Marks through the franchise agreements, which grant the conditional right to use the Marks during the term of the agreements in accordance with Flip Flop Shops' standards and specifications.

30.     Beginning in 2010, Defendants Amy and Chad Neb entered into a franchisee-franchisor relationship with Flip Flop Shops.  The Franchise Agreements provide, with respect to the governing law of the relationship of the parties, as follows:

> **GOVERNING LAW.  EXCEPT TO THE EXTENT GOVERNED BY THE UNITED STATES TRADEMARK ACT OF 1946 (LANHAM ACT, 15 U.S.C. SECTIONS 1051 ET SEQ.) OR OTHER FEDERAL LAW, THIS AGREEMENT, THE FRANCHISE AND ALL CLAIMS ARISING FROM THE RELATIONSHIP BETWEEN FRANCHISOR AND FRANCHISEE WILL BE GOVERNED BY AND INTERPRETED AND CONSTRUED**

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

**UNDER DELAWARE LAW (EXCEPT FOR DELAWARE CONFLICT OF LAW RULES).**

From 2010 to 2014, Defendants Amy and Chad Neb, both individually and through their wholly owned entities, entered into five Flip Flop Shops franchise agreements (collectively, the "Franchise Agreements").

   a.  The Nebs entered into a Franchise Agreement with Flip Flop Shops dated January 27, 2010 ("Lone Tree Franchise Agreement") for Shop #45, located at Park Meadows Mall, 8405 Park Meadows Center Drive, Lone Tree, Colorado, 80124 ("Lone Tree Store").  A true and correct copy of the Lone Tree Franchise Agreement is attached hereto as **EXHIBIT 4.**

   b.  The Nebs entered into a Franchise Agreement with Flip Flop Shops dated October 8, 2010 ("Boulder Franchise Agreement") for Shop #82, located at Pearl Street Mall, 1110 Pearl Street, Boulder, Colorado 80302 ("Boulder Store").  A true and correct copy of the Boulder Franchise Agreement is attached hereto as **EXHIBIT 5**.

   c.  On July 18, 2014, via an Asset Sale Agreement with the former franchisee, Defendant Polu Lani acquired the franchise located at Whaler's Village, 2435 Ka'anapali Pkwy, Lahaini, Hawaii 96761 Lahaini, Hawaii ("Lahaini Store").  A true and correct copy of the Asset Sale Agreement is attached hereto as **EXHIBIT 6**.  Polu Lani and the Nebs thereby assumed the Franchise Agreement with Flip Flop Shops dated October 7, 2011 ("Lahaini Franchise Agreement") for Shop #117/the Lahaini Store.  A true and correct copy of the Lahaini Franchise Agreement is attached hereto as **EXHIBIT 7**.

   d.  The Nebs acquired by assignment a Franchise Agreement with Flip Flop Shops dated May 1, 2012 ("Nashville Franchise Agreement") for Shop #137, located at Opry Mills, 150 Opry Mills Drive, Nashville, Tennessee 37214 ("Nashville Store"). A true and correct copy of the Nashville Franchise Agreement is attached hereto as **EXHIBIT 8**.  Upon information and belief, the Nebs and the previous

7

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

franchisee of the Nashville Store failed to complete the transfer paperwork. Nonetheless, the Nebs have been operating the Nashville Store since they acquired it pursuant to the terms of the Nashville Franchise Agreement and the ordinary course of dealing between the Nebs and Flip Flop Shops for each of their stores.  Thus, the Nebs have adopted and assumed all of the obligations of the previous franchisee under the Nashville Franchise Agreement.  The Nebs have also acknowledged that they are the owners of the Nashville Store.

> e. The Nebs, through their wholly-owned entity Kings X, entered into a Franchise Agreement with Flip Flop Shops dated May 7, 2013 ("Orlando Franchise Agreement") for Shop #30, located at the Florida Mall, 8001 S. Orange Blossom Trail, #362, Orlando, Florida 32809 ("Orlando Store"). A true and correct copy of the Orlando Franchise Agreement is attached hereto as **EXHIBIT 9**.

31. Effective as of May 31, 2010, the Nebs assigned their Franchise Agreements and ownership interest in the Lone Tree Store and Boulder Store to Swagger, a limited liability corporation in which the Nebs are the sole two members. A true and correct copy of the Assignment Agreement is attached hereto as **EXHIBIT 10**.

32. Each of the Franchise Agreements granted Defendants the non-exclusive right and license to establish and operate a franchise store using Flip Flop Shops' System and Marks at the specified location, so long as the Franchise Agreement remained in effect.

33. Section 4 of each of the Franchise Agreements required that Defendants pay Flip Flop Shops "a continuing weekly royalty fee in an amount equal to five percent (5%) of the Store's Gross Sales" ("Royalty Fees").

34. Section 8 of each of the Franchise Agreements also required Defendants to "contribute up to two percent (2%) of the Store's Gross Sales to the Brand Building Fund" ("Brand Contributions").

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

35.     Section 10 of each of the Franchise Agreements contains a noncompetition covenant, which provides that upon expiration, termination, or transfer of Defendants' interest in the Franchise Agreement, Defendants must not "own, maintain, operate, engage in, or have any financial or beneficial interest in, advise, assist or make loans to, any business that is the same as or similar to a Flip Flop Shops Store (including, without limitation, any retail facility which primarily offers and sells flip flop shoes and related footwear and accessories)" located at Defendants' former franchise location or within 15 miles of any Flip Flop Shops Store in existence or under construction, for a period of two years.

36.     Section 18 of each of the Franchise Agreements provide that upon termination, Defendants must, among other things, "[i]mmediately cease to operate the Store under this Agreement, and shall not thereafter, directly or indirectly, represent to the public or hold itself out as a present or former franchisee" of Flip Flop Shops."

37.     Additionally, Section 18 of the Franchise Agreements provides that upon termination Defendants must: "[i]mmediately and permanently cease to use, in any manner whatsoever, any Confidential Information, methods, procedures, and techniques associated with the System and the Marks" and "shall cease to use all signs, advertising materials, displays, stationery, forms and any other items which display the Marks."

Defendants' Default Under the Franchise Agreements and Failure to Cure

38.     On August 17, 2016, Defendants sent a letter to Plaintiffs claiming their intent to terminate their association with "the Flip Flop Shops franchise with respect to all of the locations that [they] own (Park Meadows Mall in Lone Tree, CO, Pearl Street Mall in Boulder, CO, Opry Mills Mall, in Nashville, TN, Florida Mall in Orlando, FL and Whalers Village in Maui, HI)." The letter was sent to and received by several individuals associated with Plaintiffs, including Brian Curin, President of

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000      6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

Flip Flop Shops, Jason Boling, Chief Financial Officer of Cherokee, Inc., and Henry Stupp, Chief Executive Officer of Cherokee, Inc. (parent company of FFS Holdings).

39.     Following receipt of Defendants' letter, on August 24, 2016, Flip Flop Shops sent Defendants a response letter, reminding Defendants of their obligations under the Franchise Agreements and stating that if Defendants desired to sell their stores, there is an established process for doing so and that Plaintiffs would be pleased to facilitate that process if Defendants wished.

40.     On or about August 26, 2016, the Nebs and Jason Boling and Henry Stupp had a telephone conversation to discuss the Nebs' stores and concerns.  On that call, Mr. Stupp offered several options for financial assistance for Defendants' stores, including, potentially, royalty relief for a period of time.  Rather than agree to discuss those options and consider a mutually agreeable business resolution to their concerns, Defendants insisted that they simply wanted to continue to operate their stores, but with no involvement from Plaintiffs, notwithstanding that the Franchise Agreements do not allow for any such arrangement, nor could Plaintiffs allow such an arrangement given the franchise model under which they operate.

41.     Immediately thereafter, Defendants ceased making Royalty Payments and Brand Contributions to Flip Flop Shops for all five of their stores—*i.e.*, the Lone Tree Store, the Boulder Store, the Nashville Store, the Orlando Store, and the Lahaini Store—in breach of the terms of the Franchise Agreements.

42.     On August 31, 2016, Flip Flop Shops sent Defendants written notice of default ("Notice of Default") for failure to pay such Royalty Fees and Brand Contributions.  Flip Flop Shops also provided Defendants the opportunity to cure their default within five days, as required by the Section 17(D) of the Franchise Agreements.

43.     Defendants failed and refused to cure this default within the cure period, and to this day, Defendants have not remitted to Flip Flop Shops any of the past due Royalty Fees and Brand Contributions for the five stores.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000     6765857-v1\SFODMS

**Flip Flop Shops' Termination of the Franchise Agreements**

44.     On September 9, 2016, Flip Flop Shops sent Defendants a notice of termination ("Notice of Termination") of Defendants' Franchise Agreements for the Lone Tree Store, Boulder Store, Nashville Store, Orlando Store, and Lahaini Store (collectively, "Terminated Stores"), which was effective immediately.

45.     In the Notice of Termination, Flip Flop Shops expressly set forth several of Defendants' post-termination obligations, including the obligation to immediately cease operating the Terminated Stores and cease using Flip Flop Shops' proprietary System and the Marks.

46.     Following Defendants' receipt of the Notice of Termination, Defendants refused to comply with their post-termination obligations and continued to flout their obligations.  Specifically, since September 9, 2016, Defendants have continued to operate the Terminated Stores and are continuing to use Flip Flop Shops' System and Marks in commerce without Flip Flop Shops' consent.  Evidence of Defendants' continued operation of the Terminated Stores past the September 9, 2016 termination, and Defendants' continued use of the System and Mark, include photographs taken of each store after that date reflecting that they are still clearly in operation and representing themselves to the public as authorized Flip Flop Shops.

47.     Additionally, the Point of Sale system for Flip Flop Shops continued to reflect sales at the Terminated Stores well after September 9, 2016.

48.     On September 17, 2016, Flip Flop Shops sent Defendants a cease and desist notice ("Cease and Desist Notice") demanding that Defendants immediately stop operations at the Terminated Stores.  Additionally, Flip Flop Shops demanded that Defendants cease all use of the System and the Marks. The Cease and Desist Notice also included the demand that Defendants provide proof of compliance with their post-termination obligations by September 19, 2016.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

49.     Defendants did not comply with the Cease and Desist Notice demands on or before the September 19, 2016 deadline, and, upon information and belief, have not complied to date.

50.     With full knowledge that the Franchise Agreements had been terminated as of September 9, 2016, Defendants willfully displayed and used in commerce, and continue to display and use in commerce, the System and Marks without the consent of Flip Flop Shops.

51.     The display and use of the Marks by Defendants has irreparably damaged Plaintiffs, and unless enjoined by this Court will continue to irreparably damage, the value of the Marks and the valuable good will associated with Flip Flop Shops. Among other things, Defendants' conduct is grossly harmful to the entire franchise network established by Flip Flop Shops and, if left unchecked, could result in other franchisees taking it upon themselves to unilaterally cease paying royalties and branding contributions while simultaneously benefitting from Plaintiffs' Marks and System with no reciprocal benefit to Plaintiffs.  Plaintiffs' reputation within the franchise network, the community at large, and with its vendors and partners in the business, is being harmed by Defendants' continued operation of the stores following termination of the Franchise Agreements.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. §1114
**(Damages and Injunctive Relief Against All Defendants)**

52.     Plaintiffs incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

53.     Flip Flop Shops owns the right to use and to license the use of the Marks, which are federal trademark and service mark registrations owned by FFS Holdings. The Marks are in full force and effect.

54.     Defendants had actual and constructive knowledge of Flip Flop Shops' registered rights in the Marks prior to Defendants' use of the Marks, as well as actual knowledge that upon termination of the Franchise Agreements, pursuant to Paragraph

12

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

18 of the Franchise Agreement, Defendants were to cease use of the Marks immediately.

55.     Defendants, without Flip Flop Shops' permission or consent, have continued to advertise, sell, and offer for sale products and merchandise from stores bearing the Marks.

56.     Defendants' continued use of the Marks has been intentional, willful, and in total disregard of Flip Flop Shops' trademark and service mark rights.  The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

57.     Defendants' continued use of the Marks is likely to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of Defendants' goods and services.

58.     As a direct and proximate cause of Defendants' unlawful, intentional and willful conduct, Plaintiffs have been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily, and permanently enjoined from such unlawful conduct.

59.     Plaintiffs have no adequate remedy at law.  Unless enjoined, Defendants will continue their unlawful, intentional, and willful conduct.

60.     In light of the foregoing, Plaintiffs are entitled to a temporary, preliminary, and permanent injunction prohibiting Defendants from using the Marks, or any mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiffs' option, statutory damages pursuant to 15 U.S.C. § 1117(c).

61.     As this is an exceptional case given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Plaintiffs are further entitled to three times the amount of the above profits or damages, whichever is greater, and their attorneys' fees.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000     6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

62.     WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)
### (Damages and Injunctive Relief Against All Defendants)

63.     Plaintiffs incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

64.     Defendants, without Plaintiffs' permission or consent, have continued to advertise, sell, and offer for sale products and services from stores bearing the Marks. Defendants' use of the Marks constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact, which is likely to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of the Defendant's goods and services and/or deceive or to cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendants and Flip Flop Shops.

65.     Defendants had actual and constructive knowledge of Plaintiffs' registered rights in the Marks prior to Defendants' infringing use of the Marks and, without Plaintiffs' consent, knowingly, willfully, intentionally, and deliberately used the System and the Marks in commerce.  The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

66.     As a direct and proximate cause of Defendants' unlawful, intentional, and willful conduct, Plaintiffs have been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily, and permanently enjoined from such unlawful conduct.  Plaintiffs have no adequate remedy at law.  Unless enjoined, Defendants will continue to mislead and confuse consumers as to the origin, sponsorship, or approval of Defendants' goods and services and/or deceive or to cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendants and Flip Flop Shops.

67.     In light of the foregoing, Plaintiffs are entitled to a temporary, preliminary, and permanent injunction prohibiting Defendants from using the Marks,

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

or any mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiffs have sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a) or, at Plaintiffs' option, statutory damages pursuant to 15 U.S.C. § 1117(c).

68.     As this is an exceptional case, given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Plaintiffs are further entitled to three times the amount of the above profits or damages, whichever is greater, and their attorneys' fees.

69.     WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CLAIM FOR RELIEF
### FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(A)
### (Damages Against All Defendants)

70.     Plaintiffs incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

71.      Defendants, without Plaintiffs' permission or consent, have continued to advertise, sell, and offer for sale products and services from stores bearing the Marks and using Plaintiffs' proprietary and proven Flip Flop Shops System.

72.     Defendants' have deliberately and willfully attempted to capitalize on Plaintiffs' goodwill and reputation established in connection with Plaintiffs' Marks and relationships with and network of approved vendors and business partners, as well as the proprietary and proven Flip Flop Shops System, which Plaintiffs have expended substantial time, resources, and efforts to establish and protect.

73.     As a direct and proximate cause of Defendants' unlawful, intentional, and willful conduct, Plaintiffs have been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily, and permanently enjoined from such unlawful conduct.  Plaintiffs have no adequate remedy at law.  Unless enjoined, Defendants will continue their unlawful, intentional, and willful conduct.

74.     In light of the foregoing, Plaintiffs are entitled to a temporary, preliminary, and permanent injunction prohibiting Defendants from using the System

15

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

and Marks, or any mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

75. WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FOURTH CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT
### (Damages and Injunctive Relief Against All Defendants)

76. Plaintiffs incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

77. Defendants, without Plaintiffs' permission or consent, have continued to advertise, sell, and offer for sale products and services from stores bearing the Marks and using Plaintiffs' proprietary and proven Flip Flop Shops System.

78. Defendants' use of Plaintiffs' System and Marks is likely to deceive or cause confusion or mistake as to the origin, sponsorship, or approval of Defendants' services and is likely to cause consumers to believe that Defendants' products and services are being sold from authorized, approved Flip Flop Shops stores when, in fact, they are not. Such use constitutes trademark infringement and unfair competition under Delaware law.

79. Defendants had actual and constructive knowledge of Plaintiffs' registered rights in the Marks prior to Defendants' use of the Marks, as well as actual knowledge that upon termination of the Franchise Agreements, pursuant to Paragraph 18 of the Franchise Agreements, Defendants were to cease use of the System and Marks immediately.

80. Defendants' continued use of the System and Marks has been intentional, willful, and in flagrant disregard of Plaintiffs' trademark and service mark rights. As such, Defendants have committed trademark infringement and unfair competition under Delaware law.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

81.     By infringing the Marks, Defendants are improperly trading upon Plaintiffs' reputation and goodwill and are impairing Plaintiffs' valuable rights in and to such trademarks and service marks.

82.     Plaintiffs have no adequate remedy at law.  The conduct of Defendants has caused, and if not enjoined, will continue to cause, irreparable damage to the rights of Plaintiffs' Marks and to Plaintiffs' business reputation and goodwill.

83.     In light of the foregoing, Plaintiffs are entitled to a temporary, preliminary, and permanent injunction prohibiting Defendants from using the System and Marks, or any mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiffs have sustained and will sustain in an amount not yet known.

84.     WHEREFORE, Plaintiffs pray for relief as set forth herein.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE DELAWARE DECEPTIVE TRADE PRACTICES ACT,**
**6 DEL. C. §2531 ET SEQ.**
**(Damages Against All Defendants)**

85.     Plaintiffs incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

86.     Defendants have engaged in unfair competition by engaging in deceptive and fraudulent acts by false pretense, misrepresentation, and omission of material fact with the intent that others rely upon such concealment, suppression, or omission in connection with the sale of merchandise by continuing to operate Terminated Stores an by using Plaintiffs' proprietary System and Marks.

87.     Defendants had actual knowledge of the System and Marks owned by Plaintiffs and, without the consent of Plaintiffs, knowingly, willfully, intentionally, and deliberately used the System and Marks in commerce.

88.     Defendants, without Plaintiffs' permission or consent, have continued to advertise, sell, and offer for sale products and services in stores bearing the Marks.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

89.     Defendants have deliberately and willfully attempted to capitalize on Plaintiffs' goodwill and reputation established in connection with Plaintiffs' Marks and relationships with and network of approved vendors and business partners, as well as the proprietary and proven Flip Flop Shops System, which Plaintiffs have expended substantial time, resources, and efforts to establish and protect.

90.     As a direct and proximate cause of Defendants' unlawful, intentional and willful conduct, Plaintiffs have been and will continue to be irreparably harmed unless Defendants are temporarily, preliminarily, and permanently enjoined from such unlawful conduct.  Plaintiffs have no adequate remedy at law.  Unless enjoined, Defendants will continue their unlawful, intentional, and willful conduct.

91.     In light of the foregoing, Plaintiffs are entitled to a temporary, preliminary, and permanent injunction prohibiting Defendants from using the System and Marks, or any mark confusingly similar thereto, and to recover from Defendants all damages that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

92.     WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SIXTH CLAIM FOR RELIEF
## BREACH OF CONTRACT FOR FAILURE TO PAY ROYALTY FEES AND BRAND CONTRIBUTIONS
### (Damages Against All Defendants)

93.     Plaintiffs incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

94.     Starting in 2010, Flip Flop Shops and Defendants entered into five Franchise Agreements to operate Flip Flop Shops franchise retail stores, which agreements obligate Defendants, among other things, to pay Royalty Fees to Flip Flop Shops on a weekly basis "in an amount equal to five percent (5%) of the [each store's] Gross Sales".

18

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000     6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

95.    Additionally, the Franchise Agreements require Defendants pay Brand Contributions to Flip Flop Shops of "up to two percent (2%) of the [each store's] Gross Sales to the Brand Building Fund".

96.    Flip Flop Shops has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Franchise Agreements.

97.    Starting in late August 2016, Defendants breached the Franchise Agreements by failing to wire transfer, or otherwise deliver, pay, remit and/or return the Royalty Fees and Brand Contributions due to Flip Flop Shops for each of the five stores owned by Defendants.

98.    Flip Flop Shops is informed and believes, and on such basis alleges, that the amount of Royalty Fees and Brand Contributions wrongfully held by Defendants as of August 31, 2016 was approximately $6,794.04.  The exact amount owed to date is readily ascertainable from records maintained by Defendants.  Defendants have closed accounts and/or are preventing Plaintiffs from accessing their books and records to determine current and ongoing sales and corresponding royalty and Brand Building Funds owed to Plaintiffs.  Plaintiffs reserve the right to amend this Complaint to allege further facts in this regard as such further facts are discovered and required to place Defendants on notice of Plaintiffs' claims.

99.    As a result of Defendants' breaches of contract, Plaintiffs have been damaged in an amount which Plaintiffs are informed and believe exceeds $6,794.04 and which will continue to increase as long as Defendants unlawfully operate the Terminated Stores and fail to pay Plaintiffs royalties and brand contribution funds.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### SEVENTH CLAIM FOR RELIEF
### BREACH OF NONCOMPETE COVENANT
**(Damages and Injunctive Relief Against All Defendants)**

100.    Plaintiffs incorporate by reference paragraphs 1 through 51 as if fully set forth herein.

19

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

101.   Each of the Franchise Agreements between Flip Flop Shops and Defendants contain a noncompetition covenant, which provides that upon termination of the Franchise Agreements, Defendants must not "own, maintain, operate, engage in, or have any financial or beneficial interest in, advise, assist or make loans to, any business that is the same as or similar to a Flip Flop Shops Store" at the former franchise location or within 15 miles of the location of any Flip Flop Shops' store for a period of two years.  Such noncompete provision is reasonable and consistent with applicable Delaware law.

102.   Flip Flop Shops terminated the Franchise Agreements on September 9, 2016, upon Defendants' material uncured breaches of the agreements.  Such termination immediately triggered Defendants' post-termination obligations under the Franchise Agreements, including but not limited to the noncompete provision.

103.   Flip Flop Shops is informed and believes, and on such basis alleges, that the Defendants have continued and are continuing to operate the Terminated Stores selling flip flops and related footwear and accessories, in direct violation of the noncompete provisions.

104.   As a result, Plaintiffs have been damaged by, among other things, lost profits, in an amount to be determined at trial.

105.   Moreover, Defendants' continued and ongoing breach of the noncompete covenant has caused and continues to inflict irreparable injury on Plaintiffs for which there is no adequate remedy at law.  Defendants have caused and will continue to cause irreparable harm to Plaintiffs unless Defendants are restrained and enjoined by this Court.

106.   WHEREFORE, Plaintiffs pray for relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby pray for relief as follows:

a.   For temporary, preliminary, and permanent injunctive relief preventing Defendants from operating the Terminated Stores and from using Flip Flop

20

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000

6765857-v1\SFODMS

Case No _____
COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, ETC.

1  Shops' proprietary System and Marks and requiring Defendants to comply with the

2  noncompete provision of the Franchise Agreements;

3         b.     For an order requiring Defendants to immediately lock or allow for

4  a third party to lock all doors of the Terminated Stores, to allow Plaintiffs access to

5  such stores for purposes of obtaining an inventory control report for each store, and to

6  prevent Defendants from selling, trading, hiding, or otherwise disposing of any

7  inventory, signage, equipment, or other items pertaining to the Flip Flop Shops'

8  System in place in the Terminated Stores.

9         c.     For compensatory damages in an amount to be proven at trial;

10         d.     For treble damages pursuant to 15 U.S.C. § 1117;

11         e.     For restitution and disgorgement of all payments, profits, and

12  revenues Defendants obtained as a result of their wrongful conduct, in an amount to

13  be proven at trial;

14         f.     For Plaintiffs' reasonable attorney's fees according to proof;

15         g.     For costs of suit;

16         h.     For pre- and post-judgment interest, to the extent allowable; and,

17         i.     For such other and further relief, including injunctive, declaratory,

18  compensatory, and any other relief as the court may deem proper and just.

19

20  Dated:  September 27, 2016          **BAKER & McKENZIE LLP**
                                      Teresa H. Michaud

21                                        Christina M. Wong

22                                  **THEODORA ORINGHER PC**

23                                        Timothy Gorry

24                                  By: _/s/ Teresa H. Michaud_____

25                                          Attorneys for Plaintiffs
                                      Flip Flop Shops Franchise Company,
                                      LLC and FFS Holdings, LLC

26

27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 1 415 576 3000     6765857-v1\SFODMS